UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:20-CV-__742-RGJ___

MARK TILFORD                                                    PLAINTIFF

v.          **NOTICE OF REMOVAL OF DEFENDANTS,**
            **HYSTER-YALE GROUP, INC. AND**
            **HYSTER-YALE MATERIALS HANDLING, INC.**

HYSTER-YALE GROUP, INC. and                              DEFENDANTS
HYSTER-YALE MATERIALS
HANDLING, INC.

* * * * *

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446,

Defendants, Hyster-Yale Group, Inc. and Hyster-Yale Materials Handling, Inc.

(hereinafter collectively referred to as "HYG"), by and through its undersigned counsel,

give notice that they are removing the action entitled *Mark Tilford v. Hyster-Yale Group,*

*Inc. and Hyster-Yale Materials Handling, Inc.*, Civil Action No. 20-CI-005909, currently

pending in the Circuit Court for Jefferson County, Kentucky, to the United States

District Court for the Western District of Kentucky, Louisville Division, on the ground

that the United States District Court for the Western District of Kentucky has original

jurisdiction over this action pursuant to 28 U.S.C. § 1332.

HYG, pursuant to 28 U.S.C. §§ 1441 and 1446, respectfully shows the Court as

follows:

1.      There was an action commenced which is now pending in the Jefferson

Circuit Court, Jefferson County, Kentucky, Civil Action No. 20-CI-005909, in which the

above-named Mark Tilford is the Plaintiff, and Hyster-Yale Group, Inc. and Hyster-Yale Materials Handling, Inc. are the Defendants. (Plaintiff's Complaint, attached as Exhibit 1.)

2.     This civil action arises out of an accident involving a Hyster-Yale Walkie Pallet Truck ("pallet truck") which occurred at the Taylorsville Road Kroger in Louisville on November 1, 2019. Plaintiff, Mark Tilford ("Plaintiff"), alleges that the pallet truck he was operating was defective and caused him to sustain severe injuries. (Plaintiff's Complaint, Exhibit 1).

3.     Plaintiff's Complaint does not specify the amount of damages sought. He alleges he sustained severe injuries, including multiple compound fractures to his left foot with bone exposed through his skin. He claims that he underwent two surgeries due to this accident to repair his foot and had months of physical therapy. He alleges that he now has permanent injuries, including the complete loss of feeling in his toes which impairs his ability to walk. As a result, Plaintiff seeks past and future medical expenses, lost wages, permanent impairment of his ability to earn money, physical pain, mental suffering, inconvenience, and increased risk of future injury. (Plaintiff's Complaint, attached as Exhibit 1.)

4.     Despite the lack of a demand for a specific dollar amount in the Complaint, a cause of action may be removed where the defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560 (6th Cir. 2001). This is accomplished where a "fair reading of the complaint shows that more than $75,000 is in controversy."

Apr. 13, 2015); *see also Hacker v. Aetna Life Ins. Co.*, 6:18-CV-334-REW-HAI, 2019 U.S. Dist. LEXIS 23937, at *6 (E.D. Ky. Feb. 13, 2019) (finding the amount in controversy met and repeating "the Sixth Circuit's unambiguous words [from *Hayes*]: a removing defendant need not 'research, state and prove the plaintiff's claim for damages.'").

5.     The removing defendant can sufficiently establish the amount in controversy based upon the "extensive relief sought by [p]laintiffs in their original complaint."   *Fryrear* at * 7.   In *Fryrear*, the court found that the defendants had sufficiently established that the amount in controversy exceeded $75,000 based upon "the allegations of the complaint" which included: "severe injuries and damages, including but not limited to chronic pain and radiculitis, and emotional distress and mental anguish" as well as "economic losses, including loss of earnings and diminution of the loss of earning capacity and expected future medical expenses" and "punitive damages." *Id.*

6.     Based on the foregoing, HYG has reason to believe that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  (See Affidavit of Counsel for HYG, attached as Exhibit 2.)  *Whitehead v. Dollar Tree Stores, Inc.*, No. 5:16-CV-158-JMH, 2016 U.S. Dist. LEXIS 104978 (E.D. Ky.Aug. 8, 2016), (considering defense counsel's affidavit that the plaintiff's limb had been amputated when determining whether the amount in controversy had been established); *Cole v. Medtronic, Inc.*, No. 3:14-CV-381-DJH, 2015 U.S. Dist. LEXIS 48099 *8-9 (W.D. Ky. Apr. 13, 2015) (amount in controversy met based on a fair reading of complaint which described severe injuries and punitive damages were alleged).

7.      Plaintiff, Mark Tilford, is now and was at the time of the commencement of this action, and at all times pertinent hereto, a citizen and a resident of the Commonwealth of Kentucky.  (Plaintiff's Complaint, attached as Exhibit 1.)

8.      Hyster-Yale Group, Inc., is now and was at the time of the commencement of this action and at all times pertinent hereto, a corporation organized and incorporated under the laws of Delaware with its principal place of business located in Ohio.  For these reasons, Hyster-Yale Group, Inc. is now and was at the time of the commencement of this action, and at all times pertinent hereto, a citizen of the states of Delaware and Ohio and not a citizen of Kentucky.  (See Affidavit for counsel for HYG, attached as Exhibit 2.)

9.      Hyster-Yale Materials Handling, Inc. is now and was at the time of the commencement of this action and at all times pertinent hereto, a corporation organized and incorporated under the laws of Delaware with its principal place of business located in Ohio.  For these reasons, Hyster-Yale Materials Handling, Inc. is now and was at the time of the commencement of this action, and at all times pertinent hereto, a citizen of the states of Delaware and Ohio and not a citizen of Kentucky.  (See Affidavit for counsel for HYG, attached as Exhibit 2.)

10.     This action involves a controversy between citizens of different states, as the Plaintiff is a resident and a citizen of Kentucky, while Hyster Yale Group, Inc. and Hyster Yale Materials Handling, Inc. are citizens of Delaware and Ohio.  The United States District Court is given original jurisdiction in a case in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.  28 U.S.C. §§ 1332, 1446.

11.     This Notice is filed within thirty (30) days of Hyster-Yale Group, Inc.'s[1]

service of Plaintiff's Complaint on October 16, 2020, which notified Hyster-Yale Group,

Inc. that the amount in controversy exceeds the sum of $75,000, exclusive of interest and

costs.  Notice of removal is, therefore, timely filed pursuant to 28 U.S.C. § 1446(b)(3).

12.     Copies of the state court record and all process, exhibits, pleadings, and

orders served upon HYG as of the date of filing this Notice of Removal are attached hereto

as Exhibit 3.

13.     Written notice of the filing this Notice of Removal and exhibits hereto were

served upon all parties via U.S. Mail on November 4, 2020.

14.     This Notice of Removal will be filed with the Clerk of the Jefferson Circuit

Court on November 4, 2020.

WHEREFORE, Defendants, Hyster-Yale Group, Inc. and Hyster-Yale Materials

Handling, Inc., remove this action from the Jefferson Circuit Court to the United States

District Court for the Western District of Kentucky.

Respectfully Submitted,

_____
LINSEY W. WEST
CATHERINE STIVERS BERTRAM
Dinsmore & Shohl LLP
100 West Main Street, Suite 900
Lexington, KY 40507
Telephone:  (859) 425-1000
Facsimile:   (859) 425-1099
*Counsel for Defendants, Hyster-Yale Group, Inc.
and Hyster-Yale Materials Handling, Inc.*

---

[1] Hyster-Yale Materials Handling, Inc. was served on October 27, 2020, after Hyster-Yale Group, Inc. Thus, the timeliness of this Removal is based on the earlier service date.

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of November, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, and a true and correct copy of the foregoing has been served upon the following, by U.S. Mail, on this the 4th day of November, 2020:

Andrew S. Epstein
William D. Nefzger
Bahe, Cook, Cantley & Nefzger, PLC
1041 Goss Avenue
Louisville, KY 40217
andrew@bccnlaw.com
will@bccnlaw.com
*Counsel for Plaintiff*

_____
Counsel for Defendants